IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERTO VILLAREAL,

    Petitioner,               No.  CIV S-11-2499 GEB GGH P

    vs.

GARY SWARTHOUT,

    Respondent.             FINDINGS AND RECOMMENDATIONS

                           /

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.  Petitioner raises two claims in the petition: 1) There was an <u>Apprendi</u> violation when the BPH denied his parole and referred to a psych exam that was never before a jury; and 2) an ex post facto claim regarding Proposition 9 that changed California Penal Code § 3041.5(b)(2) which resulted in sometimes less-frequent parole hearings for inmates who have served enough of their sentence to be at least eligible for parole.

        On January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context.

1

Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011). Quoting, inter alia, Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'" Id.   While the high court found that the Ninth Circuit's holding that California law does create a liberty interest in parole was "a reasonable application of our cases" (while explicitly not reviewing that holding),[1] the Supreme Court stated:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

Swarthout v. Cooke, at 862.

Citing Greenholtz,[2] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout v. Cooke, at 862.  Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

---

[1] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward.  Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward.  When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled.  See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc).  Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)).  Therefore, this court is not bound by Hayward.

[2] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry...." Swarthout v. Cooke, at 862. "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." Id., at 863. "No opinion of ours supports converting California's "some evidence" rule into a substantive federal requirement." Id., at 862. The Ninth Circuit recently noted that in light of Swarthout v. Cooke, certain Ninth Circuit jurisprudence had been reversed and "there is no substantive due process right created by California's parole scheme." Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011). Thus, there is no federal due process requirement for a "some evidence" review and federal courts are precluded from review of the state court's application of its "some evidence" standard. To the extent any of plaintiff's claims could be construed as challenging the "some evidence" standard, they must be dismissed.

Petitioner alleges that the BPH violated his rights under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), by relying on the psychological evaluation and factors relevant to parole suitability that were not presented to a jury to find beyond a reasonable doubt.

First, petitioner mistakes the BPH as part of the judicial system involved in sentencing. It is not. It is a state agency tasked with reviewing parole eligibility which may take into account a myriad of discretionary factors.

Second, petitioner states he received a sentence of 15 years to life for second degree murder. In Apprendi, the Court held that any fact other than a prior conviction that is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by a defendant or proved to a jury beyond a reasonable doubt. Id. at 490. In California, an indeterminate sentence of fifteen years to life is in legal effect a sentence for the maximum term of life, subject only to the power of the parole authority to set a lesser term. In re Dannenberg, 34 Cal. 4th 1061, 1098, 23 Cal. Rptr.3d 417 (2005). Here, in denying parole, the BPH did not increase petitioner's sentence beyond the statutory maximum of life imprisonment for second degree murder.

The court is also mindful of the discretionary and predictive evaluations made by the BPH in considering release of an inmate on parole. See Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 9–10, 99 S.Ct. 2100 (1979). However, the court is not aware of any Supreme Court authority applying the principles of Apprendi to parole proceedings. The court notes that petitioner was not entitled to a jury trial or proof beyond a reasonable doubt in his parole proceedings. United States v. Knights, 534 U.S. 112, 120, 122 S.Ct. 587 (2001) (no right to jury trial or proof beyond a reasonable doubt in proceedings to revoke probation); United States v. Huerta–Pimentel, 445 F.3d 1220, 1225 (9th Cir. 2006) (a judge's finding by a preponderance of the evidence that a defendant violated the conditions of supervised release does not raise a concern regarding the Sixth Amendment); see also Swarthout v. Cooke, 131 S.Ct. at 862. Instead, petitioner was entitled to the relatively minimal processes of Greenholtz. Thus, Apprendi, which concerns a right to jury trial and proof beyond a reasonable doubt to a jury, would not be applicable to parole proceedings. Therefore, this does not state a viable claim for habeas relief.

Petitioner also raises an ex post facto claim regarding Proposition 9 that changed California Penal Code § 3041.5(b)(2) which resulted in sometimes less-frequent parole hearings for inmates who have served enough of their sentence to be at least eligible for parole. This claim is not properly brought in habeas petition and petitioner is part of the class action, Gilman v. Fisher, CIV-S-05-0830 LKK GGH, that is challenging Proposition 9. Therefore his claim should be dismissed without prejudice.[3]

---

[3] A member of a class action seeking equitable relief cannot raise those same claims in a separate equitable action. Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979). See also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action. To permit them would allow interference with the ongoing class action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudication."). Indeed, "[a] district court has inherent power to choose among its broad arsenal of remedies when confronted with situations where, as here, continued litigation of a matter would create undue hardship on the litigating parties, or would improvidently circumscribe the actions of another

1  Accordingly IT IS HEREBY RECOMMENDED that the motion to proceed in
2  forma pauperis (Doc. 2) be vacated and this petition be dismissed.

3  If petitioner files objections, he shall also address if a certificate of appealability
4  should issue and, if so, as to which issues.  A certificate of appealability may issue under 28
5  U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a
6  constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate
7  which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

8  These findings and recommendations are submitted to the United States District
9  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
10  days after being served with these findings and recommendations, petitioner may file written
11  objections with the court.  Such a document should be captioned "Objections to Magistrate
12  Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections
13  within the specified time may waive the right to appeal the District Court's order.  Martinez v.
14  Ylst, 951 F.2d 1153 (9th Cir. 1991).

15  DATED: October 25, 2011

16  /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

17  GGH: AB
vill2499.parole.scrnII

---

court handling a prior certified action." Crawford, 599 F.2d at 892 (quoting Tate v. Werner, 68 F.R.D. 513, 520 (E.D. Pa 1975).  Moreover, "increasing calender congestion in the federal courts makes it imperative to avoid concurrent litigation in more than one forum whenever consistent with the rights of the parties."  Finally, it makes little sense to have the ex post facto issue decided in habeas as the standard of review is AEDPA reasonableness, but in a civil rights action the issue would receive de novo review.